UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY L. RUCKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:02CV1596-DJS |
| | ) |
| DON ROPER and | ) |
| JEREMIAH "JAY" NIXON, | ) |
| | ) |
| Respondent. | ) |

ORDER

This matter is before the Court on the report and recommendation of the United States Magistrate Judge, recommending denial of the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, and petitioner's objections thereto. Pursuant to 28 U.S.C. §636(b)(1)(C), the Court gives de novo consideration to those portions of the magistrate judge's recommendation to which specific objections are made.

As noted in the report and recommendation, the instant petition for writ of habeas corpus raises four grounds for relief: (1) trial counsel was ineffective for failing to call petitioner to testify; (2) a Batson violation resulted from the peremptory challenges to Venirepersons Hogue and Jackson; (3) the trial court erred by permitting voir dire on the subject of the defense of mental disease or defect; and (4) the trial court erred in overruling an objection when the prosecutor called petitioner a

"sponge" during closing argument. The magistrate judge recommends that the petition be denied on all four grounds. Petitioner only specifically objects to the magistrate's recommendation that the first ground for relief be denied, namely that trial counsel was ineffective for failing to call petitioner to testify.

To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." <u>Id</u>. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694.

"[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Strickland</u>, 466 U.S. at 690. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Id</u>. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." <u>Id</u>.

Petitioner contends that trial counsel waived petitioner's right to testify without his permission. Respondent cites to the record which establishes that defense counsel testified that he informed petitioner of his right to testify, yet advised him not to testify. Defense counsel stated that petitioner had agreed that it would be in petitioner's best interest not to testify because his prior convictions may come out were he to take the stand. (Resp't Ex. 1 at 447-48.) During the evidentiary hearing held in connection with petitioner's motion for post-conviction relief, defense counsel testified that he informed petitioner of his right to testify, yet advised him not to testify and to instead allow the doctor to testify as to petitioner's mental disease or defect. (Resp't Ex. 7 at 7-8.) Defense counsel explained that he counseled petitioner not to testify due to petitioner's prior convictions, the overwhelming evidence of his guilt, and defense counsel's belief that petitioner would not have been a credible witness. (Resp't Ex. 7 at 14-16, 20-21.) Defense counsel testified that petitioner agreed with defense counsel's advice that it was in petitioner's best interest not to testify. (Resp't Ex. 7 at 7-8.)

Contrary to petitioner's assertions, the Missouri Court of Appeals and the magistrate judge correctly applied the standard set forth in <u>Strickland</u>. The Missouri Court of Appeals held that

> [d]uring the evidentiary hearing, counsel testified that [petitioner] agreed with counsel's advice and chose not

> to testify. The judge was well positioned to assess the credibility of these statements, and we will give great deference to her assessment. *See State v. Simmons*, 955 S.W.2d 752, 773 (Mo. Banc 1997). The motion court can choose to believe counsel's testimony over that of a defendant. *Rousan*, 48 S.W.3d at 585. We find no error in the conclusions of the motion court. Counsel did not waive Appellant's right to testify without his knowledge.

(Resp't Ex. 11 at 3.) The magistrate judge correctly recommends that this Court follow the Missouri Court of Appeals' reasoning.

Petitioner asserts that "the record shows that prior to trial, petitioner had told trial counsel on numerous occasions that he wanted to testify." (Pet'r Objection [Doc. #22] at 4.) As set forth in the report and recommendation, the trial court is in the best position to determine whether to believe defense counsel's testimony over that of the defendant. Furthermore, the record establishes that at the evidentiary hearing held in connection with petitioner's motion for post-conviction relief defense counsel informed the court of petitioner's intent to waive his right to testify and articulated several valid reasons why it would not have been in petitioner's best interest to testify, thus demonstrating that the decision not to call petitioner was sound trial strategy. *See* El-Tabech v. Hopkins, 997 F.2d 386, 388-89 (8th Cir.1993) (finding sufficient evidence of waiver where trial counsel testified that petitioner decided not to testify and petitioner was silent during a jury instruction conference, which discussed that petitioner would not be testifying). Additionally, as noted in the report and recommendation, given the subject matter of petitioner's

4

proposed testimony, petitioner cannot show that but for counsel's decision not to call him, the outcome would have been different.

Upon careful consideration of the report and recommendation of the magistrate judge and without further objection by the petitioner concerning the other three asserted grounds for relief,

**IT IS HEREBY ORDERED** that the magistrate judge's report and recommendation [Doc. #18] is accepted and adopted.

Dated this ____30th_____ day of March, 2006.

                                            /s/ Donald J. Stohr
                                            UNITED STATES DISTRICT JUDGE